UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANN GRAHAM,

    Plaintiff,

    v.

HERRON MANAGEMENT PROPERTY,
et al.,

    Defendants.

Case No. 3:21-CV-530 JD

## OPINION AND ORDER

Plaintiff DeAnn Graham, proceeding pro se, sued Defendants Herron Property Management and Jill Herron. Ms. Graham claims that Defendants violated the Fair Housing Act by harassing and discriminating against her on the basis of disability and race. Her complaint also states that Defendants defamed her, falsified documents, and violated the "Human Rights Act."[1] Defendants jointly moved to dismiss the case, arguing that Ms. Graham has failed to state a claim upon which relief can be granted. The Court agrees and will grant the motion.

**A. Statement of Facts**

In her complaint, Ms. Graham alleges that she and her daughters lived in peace in her apartment until Defendant Herron Property Management took over the property from the previous owner. Around that time, notices were placed on her apartment door stating that she owed money for her rent. In particular, her water bill went up from about $40 to $95. Ms.

---

[1] Although the Court is unaware of a United States law entitled "Human Rights Act," Ms. Graham represents that it is a law prohibiting "torture and other acts of cruel, inhuman, or degrading treatment or punishment." (DE 1-1, Complaint at 5.)

Graham says that the increase was caused by a leaking water heater in her apartment. Ms. Graham contacted the property manager, Defendant Jill Herron, about fixing the leak and about being excused from paying the extra charges on the water bill. She also asked Ms. Herron for past billing statements for the water usage because she suspected that the leak had been going on for a while and she had been overpaying her share.

Ms. Herron agreed to fix the water heater but it took a while—about two months—because the repairmen kept arriving late or not coming at all when promised. For the safety of her daughters and their mental wellbeing, Ms. Graham insisted that she be present when the repairs are done, which required her to leave work six times and suffer lost wages. This caused great stress upon Ms. Graham and her daughters, who already suffer from anxiety, and all of them became overwhelmed from confusion.

But even after the water heater was fixed, Ms. Graham and her daughters continued to experience stress. Ms. Herron would not agree to reduce the payment for the water bill; nor did she agree to credit Ms. Graham for any overcharges she may have paid over the previous six months. In turn, Ms. Graham suspended her rent payments, so Ms. Herron threatened with eviction.

In this lawsuit, Ms. Graham is requesting $7 million in damages for the violations to her civil rights and human rights due to Defendants' actions that were "very hurtful, unsympathetic, heartless, hateful and cruel and inhumane . . . ." (DE 1, Complaint at 3.)

**B. Standard of Review**

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "The only

difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 313 (7th Cir. 2020).

Generally, pleadings are sufficient to allow a lawsuit to proceed when they state a claim for relief that is "plausible on its face." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). A claim is "plausible on its face" when the plaintiff pleads factual content that allows a court to draw reasonable inferences that the defendant is liable for the misconduct being alleged. *McCauley*, 671 F.3d at 615 (quoting *Ashcroft*, 556 U.S. at 662 (quoting *Twombley*, 550 U.S. at 570)). However, if the allegations fail to raise a claim "above the speculative level" then dismissal is appropriate. *Alarm Detection Sys., Inc. v. Vill. Of Schaumburg*, 930 F.3d 812, 821 (7th Cir. 2019) (citing *Twombly*, 550 U.S. at 555). For the purposes of a Rule 12(b)(6) motion, the Court accepts the well-pleaded facts in the complaint as true but "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption…." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). The Court construes pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citations omitted), but even pro se litigants must follow the rules of civil procedure. *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("[T]he Supreme Court has made clear that even pro se litigants must follow rules of civil procedure.") (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**C. Discussion**

As a preliminary matter, the Court notes that, in her response to the motion to dismiss, Ms. Graham has conceded that Ms. Herron should be dismissed from the case: "I DeAnn G. Graham, the Plaintiff pro se, do not oppose dismissing Jill Herron as a party." (DE 20, Def.'s Resp. Br. at 1.) Accordingly, the rest of the discussion concerns only Ms. Graham's claims against Herron Property Management ("HPM").

The complaint vaguely accuses HPM of harassing and discriminating against Ms. Graham on the basis of disability and race. For example, she states: "I feel Defendants violated section 3604(f)(1)(A)[2] by making the housing unavailable to me and my three daughters . . . . (DE 1, Compl. at 5.) She also alludes to systemic and structural racism, that is, "systems that have procedures or processes that [disadvantage her] as an African American." (*Id.*) However, while harassment and discrimination on the basis of disability and race are prohibited by the Fair Housing Act, *see* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section . . . 3604 . . . of this title.); 42 U.S.C.A. § 3604(b) ("[I]t shall be unlawful [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."), Ms. Graham's allegations are nothing but conclusory remarks, which do not withstand a motion to

---

[2] Title 42 U.S.C. § 3604(f)(1)(A) makes it unlawful "to discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of that buyer or renter."

4

dismiss. In fact, stripped of those conclusory statements, the complaint has no suggestion that Ms. Graham's race or disability motivated HPM's conduct in relation to Ms. Graham.

Instead, the complaint portrays a tenant, Ms. Graham, who is frustrated with the new management. She discovered that her monthly water bill doubled, allegedly due to a leaking water heater. She insisted that it be timely fixed, but it took two months for the repair to happen. The repairman kept coming late or not showing up, all the while Ms. Graham kept taking leave from work at her personal expense. In addition, Ms. Graham was asking for credit for the past water bill payments, but the housing manager refused the request, at least until the water heater could be repaired. (DE 1-2, Herron's Email to Pl., at 17 ("Let's get your water heater taken care of and look at the bills after that and see if it doesn't make a difference in the monthly amount. Then we can determine if more water was running than should have been. Then we can look at the bills together and figure and see if we can get this figured out.")). In turn, Ms. Graham refused to pay rent, which caused the manager to issue a notice of possible eviction. (DE 1-2, Final Delinquency Notice, at 29.) Missing from all of this are any plausible allegations that HPM acted as it did as a result of being motivated by its intent to harass and discriminate against Ms. Graham because of her disability or race, or both. For example, the complaint does not say that any of HPM's employees referred to Ms. Graham's disability or race, or treated her differently than tenants who had no disability or tenants of another race who sought similar services. In other words, the complaint does not allege a violation under the Fair Housing Act. *See Watters v. Homeowners' Ass'n at Pres. at Bridgewater*, No. 19-3499, 2022 WL 4128529, at *4 (7th Cir. Sept. 12, 2022) ("A § 3617 discrimination claim is comprised of four elements: (1) [the plaintiff is] a protected individual under the FHA, (2) [they were] engaged in the exercise or enjoyment of [their] fair housing rights, (3) the defendants coerced, threatened, intimidated, or interfered with

5

the plaintiff on account of [their] protected activity under the FHA, and (4) the defendants were motivated by an intent to discriminate.") (quotation marks omitted). Moreover, although all reasonable inferences are drawn in plaintiff's favor when evaluating a motion to dismiss, it cannot be reasonably inferred from Ms. Graham's complaint that her troubles were caused by HPM's discriminatory motives. Apart from the two conclusory assertions noted above, nothing in the complaint suggests a violation of either § 3604(f)(1)(A) or § 3617, and, as previously mentioned, conclusory statements are not entitled to the presumption of truth which attaches to well pleaded facts. *McCauley*, 671 F.3d at 616. In the context of the Fair Housing Act, a plaintiff cannot state an adequate claim by merely alleging that she was denied a timely repair of a water heater, which caused her great stress, and then conclusively asserting the denial was motivated by discrimination. *Cf. Mir v. State Farm Mut. Auto Ins. Co.*, 847 F. App'x 347, 350 (7th Cir. 2021) (unpublished). Accordingly, the Court will dismiss Ms. Graham's claims of harassment and discrimination under the Fair Housing Act. *See A.B. v. Hous. Auth. of South Bend*, 2012 WL 1877740, *8 (N.D. Ind. May 18, 2012) (dismissing a complaint which lacked specific allegations to support claim of intentional discrimination and relied on conclusory statements to establish intent).

Ms. Graham's other claims don't fare any better. Her claim for violations of the "Human Rights Act" fails because there is no such law in the United States Code. And, in any case, she has not responded to HPM's arguments on this issue thus waiving her claim.[3] *See County of*

---

[3] Although Ms. Graham is proceeding pro se, Ms. Graham is an experienced pro se litigant in this district. She has a been a plaintiff in the following cases: *Graham v. City of Elkhart, et al.*, 3:21-cv-495-JD-MGG; *Graham v. C-PAR Property Management*, 3:21-cv-749-RLM-MGG; *Graham v. Irish Realty*, 3:21-cv-750-JD-MGG; *Graham v. Payne*, 3:21-cv-888-DRL-MGG; *Graham v. Oaklawn Psychiatric Center, Inc.*, 3:05-cv-329-RLM-CAN; *Graham v. Professional Transportation, Inc.*, 3:15-cv-116-JTM-CAN; *Graham v. Norfolk Southern Railway*, 3:15-cv-248-PPS-CAN; *Graham v. IU Health Goshen*, 3:17-cv-205-JD-MGG; and *Graham v. Coca-Cola Consolidated*, 3:19-cv-386-DRL-MGG. So she is very familiar with the procedural requirements, at least in the context of a motion to dismiss.

*McHenry v. Ins. Co. of the West*, 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.").

Ms. Graham also brings a claim for "falsified documents." She refers to 49 C.F.R. § 1570.5, stating that no person "may make, cause to be made, attempt, or cause to attempt . . . any fraudulent or intentional false statement in any record or report that is kept . . . under this subchapter." (DE 1, Compl. at 5 (emphasis by Ms. Graham).) But § 1570.5 deals with maritime and surface transportation security, which is not even remotely implicated in Ms. Graham's complaint. Therefore, this claim must be dismissed for failure to state a claim along with the others.

Finally, Ms. Graham asserts defamation pursuant to 28 U.S.C. § 4101 for being vilified and falsely attacked. Yet, the statute that she is relying upon deals with foreign judgments and merely defines what a defamation is. Substantively, the Chapter in which § 4101 is found, provides that "a domestic court shall not recognize or enforce a foreign judgment for defamation unless the domestic court determines that the defamation law applied in the foreign court's adjudication provided at least as much protection for freedom of speech and press in that case as would be provided by the first amendment to the Constitution of the United States and by the constitution and law of the State in which the domestic court is located." 28 U.S.C. § 4102. So here, too, Ms. Graham's allegations fall short in stating a claim for which relief may be granted. And to the extent that the Court could interpret her defamation claim as a cause of action pursuant to state law, without a viable federal claim, the court would relinquish such claim and decline to exercise supplemental jurisdiction. See *Lyons v. Gene B. Glick Co., Inc.*, 844 F. App'x

866, 869 (7th Cir. 2021) ("When the district court dismissed her federal claims before trial, it reasonably relinquished supplemental jurisdiction over her remaining state-law claims.").

**D. Conclusion**

For these reasons, the Court GRANTS Herron Property Management and Jill Herron's motion to dismiss (DE 16) and DISMISSES all federal claims against them. To the extent that Ms. Graham is alleging a state law claim for defamation, the Court DISMISSES that claim without prejudice.

SO ORDERED.

ENTERED: September 22, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court